## CHICAGO AND NORTHWESTERN RAILWAY COMPANY *v.* CHICAGO.

### ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 11. Argued November 6, 9, 1896. — Decided November 30, 1896.

As the plaintiff in error did not specially set up or claim in the state court any right, title, privilege or immunity under the Constitution of the United States, this court is without jurisdiction to review its final judgment.

THE case is stated in the opinion.

*Mr. E. E. Osborn* for plaintiff in error.   *Mr. L. W. Bowers* was on his brief.

*Mr. W. C. Goudy* filed a brief for plaintiff in error on the question of jurisdiction.

*Mr. John S. Miller* for defendant in error.   *Mr. William G. Beale* was on his brief.

MR. JUSTICE HARLAN delivered the opinion of the court.

This was a proceeding instituted by the city of Chicago in the Circuit Court of Cook County, Illinois, for the condemnation of certain real estate.   The object of the proposed condemnation was to open West Taylor Street in that city.

The Chicago and Northwestern Railway Company and the Chicago, St. Louis and Pittsburg Railroad Company, being the owners of the property, appeared and filed a cross petition, in which they alleged:

"That in addition to the land described in the above-entitled cause, which will be taken for the opening of the street mentioned in said petition, they are the owners of lands on each side of the said strip of land to be taken for said street, which land is used by them as a right of way for their railroad tracks necessary in the carrying on of their railroad business; that the taking of the said strip of land mentioned in said petition for the opening of said street will damage the other land owned by said companies, and used by them as right of way for their main tracks through the city of Chicago and for side tracks used by them in carrying on their business as common carriers.

"That the taking of said land and opening of said street will interrupt the business of your cross petitioners.

"Your cross petitioners further show that the taking of said land and the opening of said street across the same will necessitate the construction by your cross petitioners of approaches

to such crossings, the planking of their tracks, the draining of the side crossings and the adjoining land owned by said petitioners, the erection of gates at said crossing, and the keeping of a flagman thereat; all of which will cause the said cross petitioners great expense, to the great damage of your cross petitioners.

"Wherefore your cross petitioners say that the damage to your cross petitioners, to their business and to the lands of your cross petitioners not proposed to be taken in the said petition, and all damages caused by the opening of said street and the taking of said lands therefor be assessed as by the statute in such case made and provided."

By consent of the parties, entered of record, the cause was tried by the court without the intervention of a jury. The court found and adjudged that the just compensation to be paid by the city for the taking of the property described for the opening of West Taylor Street was one dollar.

Thereupon the Chicago and Northwestern Railway Company moved — without stating the grounds for its motion — that a new trial be awarded. That motion was overruled, the company excepting, and it was adjudged and decreed "that the sum of money awarded by the court by its finding to the owner of said lot, piece or parcel of land and property is a just compensation and the value thereof for the taking and damaging said lot, piece or parcel of land and property by the proposed public improvement mentioned in said petition, and the said owner shall accept from said city of Chicago such sum as so awarded on account of the lot, piece or parcel of land and property so owned by it, all of said lot, piece or parcel of land and property being in the city of Chicago, county of Cook, and State of Illinois, and that upon payment into this court by the said city of Chicago of the said sum of money for the use of the owner of the said lot, piece or parcel of land and property, or upon proof made to or before the court that the said sum of money has been paid to the owner of said lot, piece or parcel of land or property, the said city of Chicago shall have the right at any time thereafter to take possession of and damage the property in respect to which

such compensation shall have been paid or deposited." The company excepted to the entry of that judgment.

Upon appeal to the Supreme Court of Illinois the judgment was affirmed.

This court has no authority to review the final judgment of the highest court of a State in which a decision of the case could be had, and to determine whether that judgment is in derogation of a title, right, privilege or immunity protected by the Constitution of the United States, unless the party, against whom such judgment was rendered, "specially set up or claimed" such right under that instrument.    Rev. Stat. § 709.

It is assigned in this court for error that the judgment of the court of original jurisdiction had the effect to deprive the railroad company of its property without due process of law, in violation of the Fourteenth Amendment of the Constitution of the United States.    But the record does not show that the company specially set up or claimed in the state courts or either of them any right under the Constitution of the United States.    It does not appear that the attention even of the trial court was called to the fact that the company, in any form or for any purpose, invoked the protection of that instrument.    Nor does it appear from the record that any Federal right was specially set up or claimed in the Supreme Court of the State.    The assignments of error in the latter court are that the Circuit Court erred in finding that the company "was not entitled to any compensation for the land taken in said proceeding"; in finding that the just compensation to the company "was not more than one dollar"; in failing to allow it "any sum as damages sustained by it in the operation of its road and to its property caused by the taking of the land in the petition described"; and that the amount awarded as just compensation was "grossly inadequate."

In view of these assignments of error, it is not strange that the Supreme Court of Illinois made no reference in its opinion to the clause of the Constitution of the United States which, in this court for the first time, is invoked to sustain the proposition that the company's property has been taken without

due process of law. It disposed of the case upon general principles of law, and does not appear to have considered it with reference to any provision of the Constitution of the United States. At any rate, as the company did not specially set up or claim any right, title, privilege or immunity under the Constitution of the United States, this court is without jurisdiction to review the final judgment of the state court.

The writ of error is, therefore,

*Dismissed.*