## ZADIG *v.* BALDWIN.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 222. Argued and submitted March 19, 1897. — Decided April 19, 1897.

There was printed in the record, as filed in this court, what purported to be an extract from the closing brief of counsel presented to the Supreme Court of the State, in which a Federal question was discussed, and it was asserted orally at the bar here, that in the argument made in the

Supreme Court of the State a claim under the Federal Constitution was presented. *Held*, that such matters formed no part of the record, and were not adequate to create a Federal question, when no such question was decided below, and the record does not disclose that such issues were set up or claimed in any proper manner in the courts of the State.

THE case is stated in the opinion.

*Mr. Edmund Tauszky* for plaintiffs in error.

*Mr. T. C. Van Ness* for defendant in error submitted on his brief.

MR. JUSTICE WHITE delivered the opinion of the court.

The action below was originally instituted in the Superior Court of the State of California in and for the county of San Francisco by the defendant in error to recover from plaintiffs in error the sum of five hundred and ninety-five dollars, with interest and costs. The complaint was in the ordinary form for money had and received, and did not otherwise indicate the the nature or character of plaintiff's alleged cause of action. A demurrer to the complaint having been overruled, defendants filed an answer simply denying any indebtedness to the plaintiff.

Upon the trial before the court without a jury, it developed that the plaintiff based her right to recover upon section 26 of article IV of the constitution of the State of California, which provides as follows : " All contracts for the sale of shares of the capital stock of any corporation or association on margin or to be delivered at a future day, shall be void, and any money paid on such contracts may be recovered by the party paying it by suit in any court of competent jurisdiction." The defendants were shown to be partners, engaged in business as stock brokers, and the amount claimed from them was the aggregate of sums asserted to have been paid them from time to time as margins upon purchases of stock for account of the plaintiff.

The record clearly establishes that at the trial the validity of the constitutional provision referred to was assumed, and

that the sole contention was whether or not the dealings between the parties as shown by the evidence were of the character prohibited by the state constitution. At the close of the testimony for the plaintiff the defendants moved for a non-suit upon the single ground " that it has not been shown that there was any transaction in margins between the parties, such as is inhibited by the constitution; there is no evidence here showing what constitutes a margin contract, or that there was any contract for the sale of stocks on margin between plaintiff and defendants."

The court having rendered its decision in favor of the plaintiff, the defendants filed a motion for a new trial, and with it a statement in conformity to the state practice, containing specifications of errors in law occurring at the trial and of particulars in which the evidence was insufficient to sustain the decision, as also specifications of the particulars in which the decision was against law. Nowhere, however, in such motion or statement, was any question raised as to the validity of the constitutional provision, nor was there contained therein any assertion that rights of the defendants under the Federal Constitution were invaded. From the judgment entered an appeal was taken to the Supreme Court of the State. That appeal was heard in department 1 of the court, by which tribunal the judgment was modified by excluding interest. The opinion of the court, 104 California, 594, discloses that the questions passed upon were solely those which were presented by the record as brought up from the trial court. A petition was subsequently filed for a rehearing of the case in banc, but the application was denied. Thereupon the case was brought to this court for review.

The errors assigned assert that section 26 of article IV of the constitution of the State is repugnant to section 1 of the Fourteenth Amendment of the Constitution of the United States and to section 8 of article I of the same instrument, and that the decision of the Supreme Court of the State holding that the contracts between the parties constituted sales of stocks on margins within the meaning of the state constitution impaired the obligation of a contract and was repugnant

to section 10 of article I of the Constitution of the United States.

It is clear, however, that we have no jurisdiction to pass upon the questions presented in these assignments, for the reason that it nowhere appears in the record that the plaintiffs. in error at. any time questioned the validity, under the Constitution of the United States, of the section of the state constitution relied on to support the claim made against them, or in any manner specially set up or claimed the protection of any clause of the Constitution of the United States.

The contention that there was a Federal question raised below finds its only support in the fact that there has been printed in the record, as filed in this court, what purports to be an extract from the closing brief of counsel presented to the Supreme Court of the State, in which such a Federal question is discussed, and it is asserted orally at. bar that in the oral argument made in the Supreme Court of California a claim under the Federal Constitution was presented. But, manifestly, the matters referred to form no part of the record and are not adequate to create a Federal question when no such question was necessarily decided below, and the record does not disclose that such issues were set up or claimed in any proper manner in the courts of the State. *Pim* v. *St. Louis,* 165 U. S. 273; *Chicago & Northwestern Railway* v. *Chicago,* 164 U. S. 454, 457; *Dibble* v. *Bellingham Bay Land Co.,* 163 U. S. 63, 70; *Ansbro* v. *United States,* 159 U. S. 695; *Sayward* v. *Denny,* 158 U. S. 180, and cases there cited.

*Dismissed for want of jurisdiction.*