ASH *et al.*, *Appellants*, v. CITY OF INDEPENDENCE.

Division One, June 22, 1898.

1. **Appellate Jurisdiction**: AMOUNT INVOLVED: $2,500 EXACTLY. In the trial court the amount involved was exactly $2,500. *Held*, that this court can not obtain jurisdiction of appeals on the ground of the amount involved, unless "the amount in dispute *exceeds* $2,500."

2. ———: CONSTITUTIONAL QUESTION: DECIDED IN FAVOR OF APPELLANT. The respondent asked the trial court to declare a certain statute unconstitutional, which it declined to do, but decided the case in favor of respondent on other grounds. *Held* that this court did not by such ruling in favor of appellant, gain jurisdiction of the appeal on the ground that a constitutional question is involved.

*Appeal from Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Paxton & Rose* for respondent on motion to transfer.

(1) We do not think this court has jurisdiction of this appeal. Two thousand five hundred dollars is claimed and no more. Plaintiff did not raise any constitutional question nor was he beaten on one. Plaintiff can not claim to be damaged by rulings against the defendant. The constitutional question must be fairly presented by the record. *Bennett v. Railroad,* 105 Mo. 642. (2) To confer jurisdiction on this court there must not only be a constitutional question raised in the court below; but there must be a constitutional question before the appellate court. *Kansas City v. Cook,* 38 Mo. App. 660; *Coyle v. Railroad,* 27 Mo. App. 584.

*L. A. Laughlin* for appellants in reply.

(1) That a constitutional question may be raised by an instruction there can be no doubt, for this is one "of the methods recognized by the practice and procedure of the court." *Bennett v. Railroad,* 105 Mo. 642; *State ex rel. v. St. Louis Court of Appeals,* 95 Mo. 281; *State ex rel. v. Kansas City Court of Appeals,* 105 Mo. 299. (2) If defendant had chosen to raise the constitutional question in its brief, it could have done so, for if its objection was valid, it would be fatal to plaintiff's case, notwithstanding the court may have erred in other instructions. *Fitzgerald v. Barker,* 96 Mo. 661; *Bushey v. Glenn,* 107 Mo. 331; *Clough v. Holden,* 115 Mo. 336; *Greer v. Lafayette Co. Bank,* 128 Mo. 550; *Whitehead v. Atchison,* 136 Mo. 485.

MARSHALL, J.—This is an action for $2,500 damages for alleged breach of contract. Prior to April 18, 1889, defendant was a city of the fourth class, and on that day it became a city of the third class. While a city of the fourth class, to wit, on July 13, 1887, it adopted an ordinance, numbered 188, establishing the grade on College street and Lexington road, that being a continuous highway, the part east of Noland street being called Lexington road, the part west of Noland street being called College street. At the same time defendant adopted an ordinance, numbered 189, requiring the owners or occupiers of the property fronting on College street between Liberty street and Noland street, and those on Lexington road, between Noland street and the eastern city limits, to grade the same to the established grade within fifteen days after the approval of the ordinance, and if they failed to do so, the board of aldermen should cause the work to be done and assess the cost against the abutting property. Some of the property owners on College street between Liberty and Noland streets, graded the street as so required, but on Lexington road none of them did so. Accordingly, on August 9, 1887, defendant entered into a contract with plaintiffs to do the grading that had not been done. Plaintiffs entered upon the execution of their contract, and did some work on Lexington road, but none on College street. On the eighteenth of September, 1887, one of the property owners whose land would be affected by the change of grade, obtained a temporary injunction against the city and the plaintiffs, restraining the actual change of grade until the damages and benefits were ascertained and the damages paid, as authorized by act of March 26, 1885 (Acts 1885, p. 47) as amended by the act of March 31, 1887 (Acts 1887, p. 37). The temporary injunction was made perpetual. The city took no steps to

have the damages and benefits for change of grade ascertained and paid, but in December, 1887, the city engineer certified that plaintiffs had completed their contract, the work was accepted by the board of aldermen, and special tax bills were issued to plaintiffs in payment for their work, as by the express terms of the contract it was provided should be done upon the completion of the work. Suit was brought on the special tax bills, and judgment rendered for the defendant, which on appeal was affirmed by this court. *City of Independence v. Gates*, 110 Mo. 374. Afterward, on July 21, 1891, the city changed the name of Lexington road to College street, and later changed the grade of College street and improved the street according to the new grade. Plaintiffs then began this action, set up these facts and asked for $2,500 damages for being prevented from carrying out their contract. At the opening of the trial, defendant objected to the introduction of any evidence for various reasons, among them, "Because section 4942, Revised Statutes of 1879, is unconstitutional, and that by reason of the method of assessment." The court overruled the objection, and heard the evidence. At the request of the plaintiff the court gave two instructions, the first declaring that ordinance numbered 189, under which plaintiffs' contract was made, was not affected by the repeal of ordinance numbered 126 (128?), (which was the general ordinance relating to the steps to be taken when a street was to be improved, and upon which ordinance 189 rested), and the second declaring that the city had the power to enter into a contract for grading its streets. At the request of the defendant, the court gave two instructions, the first declaring that under the pleadings and evidence adduced the plaintiffs were not entitled to recover, and the other that plaintiffs' contract was void, and beyond the power of defendant to

make. The defendant asked the court to give an instruction declaring section 4942, Revised Statutes of Missouri 1879, unconstitutional on account of the method of assessment therein provided, but the court refused so to declare the law. There was judgment for defendant and plaintiffs appealed.

The first question presented is whether this court has jurisdiction. The amount involved is $2,500. Section 12 of article VI of the Constitution gives this court appellate jurisdiction "in all cases where the amount in dispute, exclusive of costs, *exceeds* the sum of two thousand five hundred dollars," etc. The amount here in dispute is $2,500. It must *exceed* that sum in order to confer jurisdiction on this court. We can not, therefore take jurisdiction of this appeal for this reason.

But it is claimed that the case involves the construction of the Constitution of this State, and hence that this court has jurisdiction. This claim is based on the fact that at the opening of the case the defendant objected to the introduction of any evidence on the ground, partly, that section 4942, Revised Statutes 1879, is unconstitutional, and that at the close of the whole case the defendant asked an instruction which declared the law to be that said section of the statutes is unconstitutional. But the circuit court overruled the objection to the introduction of any evidence, and also refused to give the instruction asked by defendant. This action of the circuit court therefore declared that section valid and constitutional. No rights of the plaintiffs, under the Constitution, were impaired by the ruling of the court in this respect. The judgment entered against the plaintiffs was based wholly upon other grounds. The pleadings raised no question as to the constitutionality of that section, and the fact that such question was injected into the case in the

manner pointed out, has not deprived the plaintiffs of any right, privilege or claim guaranteed to them by the organic law of our State, for the court resolved all these questions in their favor. If the judgment had been in favor of the plaintiffs and the defendant had appealed, a different question would have been presented. But the defendant's contention that the section quoted was unconstitutional was decided in favor of the plaintiffs, the constitutionality of the law was sustained, and the issues were decided in favor of the defendant upon questions which depended for their decision upon principles of law outside of constitutional considerations.

This court has decided that it is not necessary that the particular provision of the Constitution, which is claimed was violated, should be set out, but that it is sufficient if it appears that a constitutional question was involved in the issues of the case, and that the trial court passed on the question (*State ex rel. Campbell v. St. Louis Court of Appeals*, 97 Mo. *l. c.* 281; *Baldwin v. Fries*, 103 Mo. *l. c.* 287; *State ex rel. Dugan v. Kansas City Court of Appeals*, 105 Mo. *l. c.* 300), following in this respect the earlier decisions of the Supreme Court of the United States, in construing the jurisdiction of that court (*Bridge Proprietors v. Hoboken Co.*, 1 Wall. 116). The Supreme Court of the United States has recently reviewed the question again and established the rule that the record must show some specific clause of the Constitution which has been violated. *Oxley Stave Co. v. Butler Co.*, 166 U. S. 648.

In *State ex rel. Dugan v. Kansas City Court of Appeals*, 105 Mo. *l. c.* 302, this court said "the subject-matter of the suit attaches itself to the case the moment it is directly raised in the circuit court, and continues with the case, and as a part of it, unless subsequently withdrawn, until the case is finally determined." And in

*Bennett v. Railroad*, 105 Mo. *l. c.* 645, it was said: "The word 'involving,' as used by the Constitution, in fixing the appellate jurisdiction of this court, implies that a constitutional question was raised in and submitted to the trial court, and that such court had the opportunity to pass upon it. It can not be laid down by rule how every such question must be raised in the trial court, but it should, at least, be fairly and directly presented by some of the methods recognized by the practice and procedure of the court."

The precise question involved here has not been decided by this court. In all of the cases heretofore decided, the appellant in this court—the defeated party in the lower court—claimed some right or was denied some right under the Constitution, and for that reason this court was held to have jurisdiction. In this case, however, the plaintiffs asserted no rights under the Constitution which were denied them by the circuit court. On the contrary the defendant invoked the protection of the Constitution, to defeat the plaintiffs' claim, and the circuit court decided the constitutional question in favor of the plaintiffs. There was then no assertion or denial of a constitutional right to the plaintiffs, and as the defendant did not appeal from the adverse decision to it, in this respect, the plaintiffs' rights have not been affected or impaired by the decision of the constitutional question raised by the defendant. In order to give jurisdiction to this court on this ground it must appear that a constitutional right has been denied the losing party below—the appellant to this court. The reasoning of the Supreme Court of the United States in *Hoyt v. Shelden*, 1 Black. 518; *Maxwell v. Newbold*, 18 How. 511, *Sayward v. Denny*, 158 U. S. 180, and *Railroad v. Chicago*, 164 U. S. 454, apply with full force to the question here decided.

For these reasons this court has no jurisdiction

over this cause and the same is transferred to the Kansas City Court of Appeals for determination.    All concur.