## CHAPIN *v.* FYE.

ERROR TO THE CIRCUIT COURT OF KALAMAZOO COUNTY, MICHIGAN.

No. 182. Submitted October 29, 1900.—Decided November 19, 1900.

An assignment of error in this court that the decision of a state Supreme Court was inconsistent with certain paragraphs of an alleged brief putting forward a Federal question, does not amount to a compliance with the requirements of § 709 of the Revised Statutes.

Where a Federal question is raised in the state courts, the party who brings the case to this court cannot raise here another Federal question, which was not raised below.

. MOTION to dismiss or affirm.    The case is stated in the opinion of the court.

*Mr. Victor M. Gore* for the motion.

*Mr. N. H. Stewart* and *Mr. Benton Hanchett* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was an action of trespass on the case to recover for personal injuries inflicted on Ruth I. Fye by a dog owned and kept by Chapin; and was based on a statute of the State of Michigan, approved March 28, 1850, which provided that the owner or keeper of any dog injuring any person as set forth should be liable to the person injured " in double the amount of damages sustained, to be recovered in an action of trespass, or on the case;" and also that "if it shall appear to the satisfaction of the court by the evidence, that the defendant is justly liable for the damages complained of under the provisions of this act, the court shall render judgment against such defendant for double the amount of damages proved and costs of suit."

The declaration counted on the statute, and asked to have plaintiff's damages doubled by virtue thereof; and the trial having resulted in a verdict of $10,000 in plaintiff's favor, the Circuit Court, on motion of her counsel, entered judgment for double the amount, namely, $20,000.    Defendant moved for a new trial, and assigned among various grounds therefor that the statute in question was unconstitutional because in violation of the constitution of Michigan, and " in violation of the constitutional rights of citizens to have public trial in civil cases in courts of record."    The motion for new trial was denied, and defendant filed twenty-two exceptions, the eighteenth and nineteenth of which were that. the statute was in violation of the Fifth and Seventh Amendments to the Constitution of the United States.    The case was then carried to the Supreme Court of the State and ninety-eight errors were assigned, the ninety-fourth, ninety-fifth and ninety-sixth being to the effect that the statute was inconsistent with the ordinance of 1787 for the govern-

ment of the Northwest Territory, and with the Fifth and Sixth Amendments, securing due process of law and the right of trial by jury.

The Supreme Court required plaintiff to remit $10,000, and, this being done, affirmed the judgment, as so modified, for $10,000.

As to the contention that the act was unconstitutional, " in that it confers upon the Circuit Judge power to act as a chancellor in a suit at law in so far as he exercises the authority to double the damages," the Supreme Court, without referring to the Federal Constitution, held that it was competent for the legislature to provide for doubling damages in this class of cases, and that the latter portion of the section should be construed to mean that the court, acting through all of its instrumentalities, which included the jury, should ascertain the damages as in ordinary cases, and that as so construed the act was valid. 80 N. W. 797.

This writ of error was then allowed and errors assigned in this court, embracing alleged errors committed by the Supreme Court in disregarding certain paragraphs of the brief of counsel in that court which, it was said, asserted the statute to be in contravention of the Fourteenth Amendment. Motions to dismiss or affirm were submitted.

The validity of the provision creating the liability for double damages is not denied, but the contention seems to be that the statute authorizes the trial judge to determine independently " the amount of the damages proved," and is therefore unconstitutional. But this need not be discussed, as we think the writ must be dismissed for want of jurisdiction. If a party to an action in a state court intends to invoke for the protection of his rights the Constitution of the United States, or some treaty, statute, commission or authority of the United States, he must so declare. In this case plaintiff, after judgment, excepted to the denial of his motion for a new trial on the ground, among others, that the statute in question was in violation of the Fifth and Seventh Amendments to the Constitution, and repeated that contention in the assignment of errors in the Supreme Court, adding also that the statute was inconsistent

with the ordinance of 1787. But the ordinance of 1787 was superseded by the adoption of the Constitution of the United States, and of the State, and the Fifth and Seventh Amendments were intended to operate solely on the Federal government and contain no restrictions on the powers of the State. The only reference to the Fourteenth Amendment is in the assignment of errors in this court, where it is stated that the state Supreme Court disregarded certain portions of counsel's brief alleged to have treated of that subject. This did not meet the requirements of section 709 of the Revised Statutes. *Zadig* v. *Baldwin*, 166 U. S. 485 ; *Miller* v. *Railroad Company*, 168 U. S. 131; *Dewey* v. *Des Moines*, 173 U. S. 193 ; *Keokuk* v. *Hamilton Bridge Company*, 175 U. S. 633.

*Writ of error dismissed.*

MR. JUSTICE BROWN, dissenting.

It appears in this case that defendant intended to claim the benefit of the " due process of law " clause of the Fourteenth Amendment, but inadvertently pitched his claim upon the Fifth Amendment, which also contains a similar clause, but is only applicable to proceedings in the Federal courts. The mistake is so obvious I think the court should have disregarded it, and passed upon the merits.