## WINOUS POINT SHOOTING CLUB *v.* CASPERSEN.

ERROR TO THE SUPREME COURT OF THE STATE OF OHIO.

No. 153. Argued February 24, 1904.—Decided March 7, 1904.

Federal questions cannot be raised in this court which did not arise below, and where no Federal question is otherwise raised, and the only provision of the Constitution referred to in the assignment of errors in the State Court has no application, an averment of its violation creates no real Federal question and the writ of error will be dismissed.

THE facts are stated in the opinion of the court.

*Mr. S. H. Holding,* with whom *Mr. Harvey D. Goulder* and *Mr. Frank S. Masten* were on the brief, for plaintiff in error.

*Mr. George A. True* for defendants in error.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was a suit brought by the Winous Point Shooting Club against Caspersen and others in the Court of Common Pleas, Ottawa County, Ohio, to enjoin defendants from fishing on certain premises alleged to be parts of Sandusky River and Mud Creek and to belong to plaintiff.

The court found that the waters in dispute formed part of a public bay, which defendants had the right to navigate and to fish in; and dismissed the petition.

The case was then carried to the Circuit Court of Ottawa

County and there tried *de novo*. That court filed findings of
fact and conclusions of law; held that the waters in question
were not parts of Sandusky River and Mud Creek, and formed
part of a public bay, in whose waters defendants as members
of the public had the right of navigation and fishing; and the
petition was again dismissed. Plaintiff then took the case on
error to the Supreme Court of Ohio, and, with other alleged
errors not material here, assigned as error that "the judgment
of the court is in contravention of section 19, article I, of the
constitution of Ohio, and article V of the Constitution of the
United States, in that by said judgment the private property
of the plaintiff in error is taken for public use without just
compensation." There was no suggestion that any right under
the Constitution, or any statute of, or authority exercised
under, the United States, had been specially set up or claimed,
and decided against. The Supreme Court affirmed the judg-
ment of the Circuit Court and entered an order certifying as
"part of the record in this case and of the judgment and entry
of affirmance heretofore rendered and made herein, that in the
prosecution of error to this court from the Circuit Court of
Ottawa County, and in the arguments made in this court, in
behalf of plaintiff in error, it was insisted and relied upon by
said plaintiff that the waters in dispute had been surveyed and
meandered by the United States as those of Sandusky River
and Muddy Creek, and the lands mentioned and described in
said case had been surveyed, sold and patented by the United
States to plaintiff's predecessors in title as lands bordering upon
said river and creek, all of which acts had been done under
authority of acts of Congress; that plaintiff had and possessed
the sole and exclusive right of fishing in said waters; that the
judgment and decree of the said Circuit Court, that said waters
are not those of Sandusky River and Muddy Creek, but those
of an open and public bay, in which the public had the rights
of fishing, was in contravention of the Constitution of the
United States, in that plaintiff was deprived of its private
property and the same was taken for a public use, without just

compensation to it; and it became material to the determination of said case in this court to determine said question so made by plaintiff in error, which was determined adversely to plaintiff in error, as appears in the entry and judgment of affirmance heretofore made herein."

The certificate in itself would not confer jurisdiction, but may properly be referred to, and it appears therefrom as well as from the terms of the assignment of error in the Supreme Court that plaintiff's contention was that the judgment of the Circuit Court was in violation of the Fifth Amendment. But that amendment is a restriction on Federal power, and not on the power of the States. The Supreme Court of Ohio gave no affirmative expression of its views in that regard, or, indeed, in respect of section 19 of article I of the constitution of Ohio, treating of taking private property for public use on compensation made.

The judgment was affirmed on the authority of *Bodi* v. *Winous Point Shooting Club,* 57 Ohio St. 226. In that case the same waters were in dispute as in this case, and it was held that they formed "part of a public bay and not parts of the Sandusky River and Mud Creek," and the ruling in *Sloan* v. *Biemiller,* 34 Ohio St. 492, sustaining the public rights of navigation and fishing, in such circumstances, was followed and approved.

Federal questions cannot be raised here which did not arise below, and as the Fifth Amendment had no application the averment of its violation created no real Federal question. *Chapin* v. *Fry,* 179 U. S. 127.

*Writ of error dismissed.*