## Commonwealth v. Moore.

*Road law—Damages—Land taken by Commonwealth for roads—Constitutional law.*

1. The Commonwealth in the construction of public highways is in the exercise of its sovereign authority and never liable for damages unless made so by express enactment.

2. A land owner has no right to recover from the Commonwealth damages for injuries to his land caused by the construction of a ditch extending from a State highway into his land.

3. The constitutional provision that private property shall not be taken for public use without just compensation, does not apply to such a case, where compensation by the State is not provided for by express enactment.

4. *Quære*, whether a land owner may fill up a ditch extended over his land in the construction of a State highway without incurring the penalty provided by the Act of June 13, 1836, P. L. 551.

Petition for an appeal from a penal action brought before a justice of the peace. Q. S. Clearfield Co., Dec. Sess., 1923, No. 6.

*Arnold & Platt*, for Commonwealth; *Pentz & Pentz*, for defendant.

BELL, P. J., Dec. 27, 1923.—This is a petition for an appeal from a penal action brought before F. G. Chorpening, justice of the peace, charging that the defendant violated section 699 of the Act of July 14, 1917, P. L. 912, relating to roads, in that he had filled and closed a ditch extending from the highway known as State Route 59 through certain lands of the defendant, in which case the justice imposed a penalty of $5 and costs, and the petition is based upon the averment: "Your petitioner believes that his rights have been invaded by the State appropriating part of his land without making just compensation, as provided by the Constitution of the State of Pennsylvania." The

5th Amendment to the Constitution of the United States provides: "Nor shall private property be taken for public use without just compensation." This is only limitation of the power of the Federal Government, and has no application to the states: Winous Point Shooting Club *v.* Caspersen, 193 U. S. 189. Section 10 of article I of the Constitution of Pennsylvania provides: "Nor shall private property be taken or applied to public use without authority of law and without just compensation being first made or secured." This would appear to be as sweeping as language could make it, but when applied to the pending case, we are confronted by the consistent decisions of the courts that as to damages for lands taken for public highways the compensation has already been made. This rule in Pennsylvania begins with McClenachan *v.* Curwen, 6 Binney, 509, decided in 1802, was followed in Plank Road Co. *v.* Thomas, 20 Pa. 91, and in East Union Township *v.* Comrey, 100 Pa. 362, and lately in State Highway Route 72, 71 Pa. Superior Ct. 85, and 265 Pa. 369. In Plank Road Co. *v.* Thomas, Chief Justice Black said: "For mere land so taken there can never be a recovery except when directly authorized by a statute." The doctrine of the decisions is that for improvements pulled down or destroyed there must be compensation, but for mere land taken compensation is purely a matter of grace on the part of the State. Plainly, the construction of the ditch in this case is a part of the construction of the highway, and, equally so, it is a taking of land by the State for highway purposes. It follows that, unless the State has, as a matter of grace, given the right to compensation by legislation, no such right exists. We have strong opinions that modern methods of improved road building are placing upon some adjoining lands a burden unprecedented and unthought of at earlier periods, which the State now chooses to maintain by a system of open ditches, unsightly, inconvenient and injurious to the land owner, who would not maintain such a ditch if a ditch were needed by him for private purposes. We regard this as, at best, an exercise of arbitrary power, tending to excite just resentment, but we are bound by the law as it exists, and unless the State has definitely granted compensation, the courts are powerless.

It is earnestly urged by counsel that it was the intention of the legislature to impose upon the Commonwealth the same obligations with respect to damages where property is damaged by the act of the State as are imposed upon municipalities and boroughs. This argument was made as to the Act of May 31, 1911, P. L. 468, in State Highway Route 72 without avail, the Supreme Court saying: "The Commonwealth in the construction of public highways is in the exercise of its sovereign authority and never liable for damages unless made so by express enactment." This principle is decisive of the pending case. Nowhere is there to be found any express enactment by which the Commonwealth is made subject to the payment of such compensation; the research and very careful argument of defendant's counsel produces no more than a showing that damages are payable by municipalities, and an argument that when the Highway Commissioner was granted the same powers as the supervisors with regard to ditches, this was taken subject to the same obligations. However much this may appear as reasonable, it does not meet the test laid down by the Supreme Court that when the taking is by the sovereign state it is not liable unless made so by express enactment, and as such enactment does not exist, we know of no remedy.

Leaving out of consideration the very serious question whether or not the land owner can in any event fill up a ditch and interfere with the operation of the work as constructed without being liable to the penalty imposed by the Act of June 13, 1836, P. L. 551, see Meeker *v.* Com., 42 Pa. 283, we are unable

Commonwealth v. Moore.

to see any defence which can legally be made, and certainly that which is presented in the petition as the basis of the prayer for the allowance of the appeal is, in the light of the decisions, without foundation. The only redress which the defendant may have he must receive from the legislature; the courts cannot relieve him.

Now, Dec. 27, 1923, rule to show cause why appeal should not be allowed is discharged. Exceptions noted and bill sealed to the petitioner.

From John M. Urey, Clearfield, Pa.