## Fuller *et al. versus* Bradley.

One who holds himself forth to the public to carry for hire, is a common carrier as much in his first trip as in any subsequent one, and has a lien on the cargo for freight.

One not a common carrier, but who specially undertakes to carry a particular load for hire, has no lien for freight unless he reserve it by agreement.

It is a question for the jury from all the evidence to decide whether the contract is one of affreightment as a common carrier, or a mere hiring for the job.

Where the defendant was the carrier of freight for a round trip, to a given place and back, taking in and putting out freight, at different places on the route, as plaintiff might direct, for a stipulated sum per day, the defendant has a lien on the freight remaining on board on the return of the boat, for the whole amount unpaid at the stipulated rate.

ERROR to the Common Pleas of *Lawrence county*.

This was a replevin for 100 barrels of salt. The plaintiffs in error were dealers at New Castle, Lawrence county, in country produce of various kinds. Bradley, the defendant in error, who was the owner of a boat, horses, &c., agreed to go to Erie for plaintiff with his boat, team, and hands on a trading voyage, stopping by the way, and receiving and discharging lading on the route, as he should be directed by the plaintiffs, and they agreed to pay him for said services $6 per day, for every day on the route to Erie; and if a return load should be furnished at Erie, to pay a like sum per day until defendant's return to New Castle. The boat was partially loaded at New Castle, and cargo discharged and taken on board at several places, and wholly discharged at Erie, where a full load of salt and other matters were put on board, and the boat was started on her return trip. At several places on the return, portions of the salt were discharged by plaintiffs' order; and the residue of the cargo, except 100 barrels of salt, was discharged at New Castle: these 100 barrels the defendant refused to deliver until the plaintiffs paid him the balance due him according to the contract.

The Court below charged the jury as follows :—

"A common carrier is one who holds himself forth to the public, to carry for hire from place to place: 1 *W. & Ser.* 286.

"Though the number of instances employed in carrying may be evidence of the character of a common carrier, it is not the rule which constitutes it. The law has fixed no number of

[Fuller *v.* Bradley.]

instances which shall stamp him with the character. If he holds himself forth to the public to carry for hire, he is a common carrier as much in his first trip as in his second, third, or fourth.

"Did the defendant undertake as a common carrier? If he did not, he had no lien upon the salt. One who is not a public or common carrier, but specially undertakes to carry a particular load for hire, has no lien for freight unless he specially reserves it by agreement. The first question for the jury is, therefore, whether the plaintiffs contracted with the defendant as a common carrier? Was he a common carrier, and did he, as such, make the contract? This you will decide on all the evidence. If satisfied the defendant was a common carrier, the next question to be determined by the jury is, whether the contract in this case was one of affreightment as a carrier, or whether the defendant merely chartered or hired his boat, his hands, and himself to the plaintiffs, placing all in their control, they running the boat on their own account, and only paying him wages for the hire of the boat, himself, and hands.

"If it was a contract of affreightment as a common carrier, and the agreement to pay at the rate of $6 a day was only the mode of ascertaining the compensation for carrying, a lien would exist on the articles carried. But, if the defendant specially hired his boat, hands, and himself for daily pay, placing them under the control and disposal of the plaintiffs themselves, he would have no lien for his daily wages: *Angell on Carriers*, § 376, 377, 378, 379.

"If the defendant was the carrier of the freight for the round trip from New Castle to Erie and back to New Castle, carrying such freight as the plaintiffs chose to put aboard and take off at different points, and was to be paid the affreightment at the rate of $6 a day, for the time employed until his return; the fact that some of the freight was delivered at Erie and other places, and the salt taken on at Erie and brought to New Castle, the final destination and termination of the trip, would make no difference as to the lien. Under these circumstances the salt remaining on board at New Castle, would be liable for the whole unpaid freight at $6 a day for the round trip. It would be otherwise if the trip did not end at New Castle. For this portion of the charge, we give the following reasons: James Leslie was the only witness present at the final bargain, and he stated that Bradley was positive that he should have $6 a day till he should return. On cross-examination, he repeated that the price of $6 a day, for himself, boat, and hands, till he returned, was stipulated; he also stated that the time it would take to go to Erie and back was stated; and for time unnecessarily spent, defendant was to be paid at the same rate. Warnock, the witness on the part of the plaintiffs, stated that he referred defendant to Leslie, and that he was not

[Fuller *v.* Bradley.]

present at the conversation in Leslie's presence. Leslie's testimony, therefore, evidences the final agreement. But even upon Warnock's testimony, there would be no real difference, because according to his statement, if the plaintiffs got a back load from Erie, the defendant was to have the same daily pay back to New Castle, and the evidence shows that they loaded the boat with salt. Therefore, though a contingency might have terminated the trip at Erie, yet by the very terms of the contract itself, as proved by him, it did not terminate there, because the contingency did not take place. The jury are therefore instructed, if the trip was to terminate at New Castle, and the price of the freight, measured by the time spent in making it, the last articles remaining on board there, to wit, the salt, would be subject to the lien for the whole amount of freight unpaid : *Angell on Carriers*, § 373 ; 7 *W. & Ser.* 468, Steinman *v.* Wilkins."

To this charge the plaintiffs excepted.

The jury found "for the defendant; and found that a balance of $71 was due and owing by the plaintiffs for freight, for which defendant had a lien on the salt replevied, and that the value thereof was $212.50."

And judgment was entered accordingly.

The questions presented to this Court were—

1. Did the Court err in submitting to the jury upon the evidence in the case, whether the contract was one of affreightment or of mere hiring ?

2. Whether or not defendant was a common carrier ?

3. In affirming that the trip was a *round trip*, from New Castle, *via* Erie and back, to New Castle.

The evidence, so far as material, is embodied in the statement of the case.

*Taylor*, for plaintiff.—It was error to submit to the jury for their deliberation an alleged fact, of which there was no evidence : Jones *v.* Wood, 4 *Harris* 25 ; Harris *v.* Staufer, 10 *Barr* 365.

Without proof the presumption would be, that defendant was but a private person, and not responsible as a common carrier : *Story on Bailments* 495 ; 5 *R.* 188.

2d. What facts will constitute a contract of affreightment is for the Court : and the Court, by submitting the whole matter of law and fact to the jury, left it to them to say whether or not, on all the evidence, defendant was entitled to a lien.

The contract does not come within the legal definition of an affreightment : *Angell on Carriers*, § 391. The "*actual transportation* of goods" was not the consideration for which defendant was to receive $6 per day; but for his boat, horses, and hands, whether the boat was loaded or light. It was an ordinary contract of hiring.

[Fuller v. Bradley.]

Possession is the basis of lien. The goods loaded at New Castle were delivered at Erie, and another cargo was shipped thence to New Castle. The Court affirms this to be a *round trip*, although it was in proof that part of the cargo was to be delivered at Erie: and that the salt brought to New Castle was liable for the whole unpaid freight. The fact as to the terminus of the trip at Erie should have been left to the jury.

If it was a *round trip*, no freight was due till it was completed, and defendant could not detain for freight that portion of the cargo which he was bound to deliver at Erie, and had no lien upon it. And if he had no lien on this, for its own carriage, he could have none on the cargo shipped *from* Erie for it.

*McGuffin*, for defendant.—The Court properly submitted the evidence to the jury: 1 *Smith's Leading Cases* 224; Turney *v.* Wilson, 7 *Yerger* 340–2; Murer, et al., *v.* Nixon, 4 *N. H.* 314; 4 *Pick.* 50; Tennett *v.* P. Pilzhen, 2 *Henning* 49; 1 *W. & Ser.* 285; *Chitty on Contracts* 479; 3 *Story* 349; 2 *Watts* 443; 5 *East* 439; 3 *Esp.* 74; *Story on Bailments* 504.

2d. The question whether the contract was one of affreightment or hiring was properly left to the jury; and, if affreightment, then the defendant had a lien.

The defendant retained control over his boat and crew, furnishing all expenses, &c., himself. The fixing a stipulated sum per day does not affect it, provided no credit was given, and the price was payable at the end of the trip; the defendant continuing in control of the boat until it was completed: 6 *Pick.* 248; 4 *Greenl.* 412; 2 *B. & Ald.* 503; 15 *Mass.* 370; 16 *Mass.* 354; 4 *Cowen* 470; 4 *Wash. C. C.* 100; 2 *Story* 16; *Story on Bailments* 505.

If the jury was satisfied that defendant retained the control of his boat and hands, &c., until the terminus of the trip, he had a right to retain the cargo till paid: 4 *Mass.* 91; 6 *Mass.* 422; 11 *Mass.* 72, 415; 2 *Cain.* 77; 4 *Esp.* 22; 7 *Cow.* 670; 3 *Cranch* 140; *Abbott on Shipping*, 3d ed., 282, note 1; 1 *Rep.* 186; 6 *East* 662; 7 *W. & Ser.* 466.

The opinion of the Court was delivered by

BLACK, J.—We affirm this judgment for the full and satisfactory reasons given in the charge of the learned judge who ruled the cause in the Common Pleas.

Judgment affirmed.