## HULBERT v. CITY OF CHICAGO.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 248. Submitted April 25, 1906.—Decided May 14, 1906.

The mere claim in objections to confirmation of a rule in a proceeding in the County Court to confirm an assessment for paving a street that the act under which the assessment was made was unconstitutional as depriving the objector of his process of law, never afterwards brought to the attention of the trial court or of the Supreme Court of the State, is not a sufficient compliance with § 709, Rev. Stat., in setting up a right under the Constitution of the United States to give this court jurisdiction to review the judgment on writ of error.

According to the practice of Illinois an error not assigned is not open to review in the Supreme Court of the State, and if assigned but not noticed or relied on in the brief or argument of counsel it will be regarded as waived or abandoned, and this court will recognize that rule of practice.

It is too late to raise the Federal question by a statement in the writ of error and petition for citation that constitutional rights and privileges were involved and decided by the highest court of the State against plaintiff in error, even if the Chief Justice of that court allowed the writ.

THE facts are stated in the opinion.

*Mr. George W. Wilbur* for plaintiff in error:

The act entitled, "An Act Concerning Local Improvements," passed June 14, 1897, and amendments thereto, is contrary to section 2, article 2, and section 9, article 9, of the constitution of Illinois.

The board of local improvements is not a municipal corporation, and it has no authority to make special assessments. *Harward* v. *St. Clair & M. L. & D. Co.,* 51 Illinois, 130; *Cornell* v. *People,* 107 Illinois, 372; *Updike* v. *Wright,* 91 Illinois, 49; *Gage* v. *Graham,* 57 Illinois, 144; *Dunham* v. *People,* 96 Illinois, 331; *Wetherell* v. *Devine,* 116 Illinois, 631; *Snell* v. *Chicago,* 133 Illinois, 413; *The People* v. *Knopf,* 171 Illinois, 191.

Sections 42 and 84 of said act are unconstitutional and void

because they interfere with right of contract by fixing the rate of interest on assessments and improvement bonds at five per cent. *Ritchie* v. *People*, 155 Illinois, 98; *McChesney* v. *People*, 200 Illinois, 146; *Adams* v. *Brennan*, 177 Illinois, 194; *Frorer* v. *People*, 141 Illinois, 171; *Millett* v. *People*, 117 Illinois, 294; *Bailey* v. *People*, 190 Illinois, 28.

*Mr. James Hamilton Lewis, Mr. Charles H. Mitchell* and *Mr. Frank Johnston, Jr.*, for defendant in error:

The question of the constitutionality of the Local Improvement Act of Illinois of June 14, 1897, cannot be reviewed by this court for the reason that this question was not decided nor even noticed in the opinion of the Supreme Court of Illinois, and the record does not show that it was called to the attention of that court. In order to give this court the power to reëxamine the judgment of the state court, the title, right, privilege or immunity must be specially set up or claimed at the proper time and in the proper way, and the right on which the party relies must have been called to the attention of the court in some proper way, and the decision of the court must have been against the right claimed. *Oxley Stave Co.* v. *Butler Co.*, 166 U. S. 648; *Sayward* v. *Denny*, 158 U. S. 180; *Levy* v. *Sup. Ct. of San Francisco*, 167 U. S. 175, 177; *C. & N. W. Ry. Co.* v. *Chicago*, 164 U. S. 454, 457; *Ansbro* v. *United States*, 159 U. S. 695, 698; *Hoyt* v. *Shelden*, 1 Black, 518, 521; *Keokuk & Hamilton Bridge Co.* v. *Illinois*, 175 U. S. 626. Although the state court may have decided a Federal question, it must appear that the particular Federal question sought to be raised here was also decided. *Capital City Dairy Co.* v. *Ohio*, 183 U. S. 238, 248; *Chapin* v. *Fye*, 179 U. S. 127.

The fact that the opinion of the state court makes no reference to the particular question sought to be presented in this court, may be considered in determining whether the question was called to the attention of the state court. *Oxley Stave Co.* v. *Butler County*, 166 U. S. 648, 653, 655; *Kipley* v. *Illinois*, 170 U. S. 182, 186; *C. & N. W. Ry. Co.* v. *Chicago*, 164 U. S.

454, 457; *Mich. Sugar Co.* v. *Michigan,* 185 U. S. 112, 113; *N. Y. Cent. R. R. Co.* v. *New York,* 186 U. S. 269, 273.

This court will recognize and be governed by the rule of practice in a state court prescribing the requirements to be observed in order to save a question for review in that court. *Erie Railroad Co.* v. *Purdy,* 185 U. S. 148.

According to the well settled rule of practice in the Supreme Court of Illinois, every error must be specifically pointed out in the assignments of error, and an error not assigned is not open to review. *Berry* v. *City of Chicago,* 192 Illinois, 154; *Skakel* v. *People,* 188 Illinois, 291; *Gibler* v. *City of Mattoon,* 167 Illinois, 18. Errors assigned, but not noticed or relied on in the brief and argument of counsel, will be regarded as waived or abandoned. *Lewis* v. *King,* 180 Illinois, 259, 266; *Dorn* v. *Ross,* 177 Illinois, 225, 228; *Keyes* v. *Kimmell,* 186 Illinois, 109, 114; *Harris* v. *Shebek,* 151 Illinois, 287, 294.

Even though it should be held that the unconstitutionality of the act was sufficiently set up or claimed in the Supreme Court of Illinois to authorize this court to review it, the proposition contended for by plaintiff in error does not involve a Federal, but only a local question. The United States Supreme Court has no power to review a state statute on the ground solely that it is repugnant to the state constitution. *Kipley* v. *Illinois,* 170 U. S. 182, 186; *Miller* v. *Cornwall R. R. Co.,* 168 U. S. 131, 134.

A special assessment is levied under the taxing power of a State, and is a species of taxation. *French* v. *Barber Asphalt Pav. Co.,* 181 U. S. 324, 343, 344; *C. & A. R. R. Co.* v. *City of Joliet,* 153 Illinois, 649; *County of Adams* v. *City of Quincy,* 130 Illinois, 566. It is not the province of this court ordinarily to interfere with the policy of the revenue laws of the State or with statutes providing for making local improvements by special assessment. *French* v. *Barber Asphalt Pav. Co.,* 181 U. S. 324; *Witherspoon* v. *Duncan,* 4 Wall. 210, 217; *Williams* v. *Supervisors of Albany,* 122 U. S. 154, 164; *Shaefer* v. *Werling,* 188 U. S. 516, 517.

The statute fixing the rate of interest on special assessment installments and bonds at five per cent is not unconstitutional, as precluding the right of property owners to contract, through the city, for a less rate. *Gage et al.* v. *City of Chicago*, 216 Illinois, 107.

MR. JUSTICE McKENNA delivered the opinion of the court.

Error to the judgment of the Supreme Court of the State of Illinois affirming a judgment of the County Court of Cook County, confirming an assessment to defray the cost of paving a street in the city of Chicago.

The proceeding was commenced by a petition filed by the city in the County Court of Cook County in accordance with the law of the State. The petition recited an ordinance of the city providing for the improvement of the street, and prayed "that steps be taken to levy a special assessment for said improvements in accordance with the provisions of said ordinance, and in the manner prescribed by law."

An order was made in accordance with the prayer. An assessment and report thereon were duly made with an assessment roll attached, which exhibited the property of plaintiff in error as assessed and the amount for which it was assessed.

In pursuance of notice given to all parties to file objections to the confirming of the assessment roll, plaintiff in error filed objections thereto. Among his objections were the following:

"Said act concerning local improvements, passed June 14, 1897, and all amendments thereto, are not only contrary to the constitution of Illinois, but they are also contrary to the Constitution of the United States and to the Fourteenth Amendment thereof.

"Said act concerning local improvements, said ordinance, which is the basis of the present proceedings, and all documents and orders relating thereto, are contrary to the Constitution of the United States, and to the Fourteenth Amendment thereof, because such act, ordinance, document and orders seek to deprive objector of property without due process of law.

"Said ordinance and proceedings are in other respects illegal, unconstitutional and void.

"The proceedings herein and said act are contrary to the Constitution of the United States, and to the Fourteenth Amendment thereof, because the petitioner herein, under and by virtue of said act and of said proceedings, seeks to deprive these objectors of their property without due process of law. Said proceedings and said act are also contrary to the Constitution of the United States, and to the Fourteenth Amendment thereof, for the reasons set forth in the several foregoing objections."

The case came on for hearing before the court, the right of a jury on the question of benefits having been expressly waived.

Petitioner (defendant in error) introduced the petition, assessment roll and notice. They were received in evidence, though objected to as not complying with or meeting the requirements of the statute.

Plaintiff in error to sustain the issues "on the question of the legal objections" offered in evidence the various resolutions and proceedings before the board of local improvements. They are set out in the record, but it is not necessary to quote them. No other evidence was offered. The court overruled the objections.

On the question of benefits the same evidence was offered by the respective parties. Plaintiff in error objected to the documents offered by the city on the ground that the ordinance was illegal and void, because the first resolution of the board of local improvements in regard to assessments did not contain an itemized estimate of the cost of the improvements made by the engineer, in the manner and form required by the statute.

The objection was overruled and the assessment confirmed with some modification not necessary to notice. The judgment was affirmed by the Supreme Court of the State.

The bill of exceptions shows that plaintiff in error did not bring to the attention of the trial court that the act of the State under which the assessment was made, or any of the proceed-

ings, were contrary to the Fourteenth Amendment to the Constitution of the United States, nor did he assign as error on appeal to the Supreme Court that the rulings of the trial court or its judgments infringed that Amendment.

All the questions submitted to the Supreme Court and all the questions passed on by it depended upon the construction of the statute or the compliance of the proceedings with the statute, except that it was contended that the sections of the act which provided for the division of the assessment into installments and the issue of bonds to anticipate the payment of the installments to bear five per cent interest was unconstitutional, in that the legislature had no power to fix the rate of interest, and that by so doing a lower rate of interest was prevented, and plaintiff in error thereby deprived of his property without due process of law. The court decided against both contentions, holding that "the legislature had the right to fix the rate of interest which said installments and bonds when issued should bear," and sections 42 and 86 of the local improvement act "are not in conflict with the constitution." That is, the constitution of the State.

We do not think that the plaintiff in error complied with section 709 of the Revised Statutes in setting up a right under the Constitution of the United States. The mere claim in the objections to the confirming of the assessment, never afterwards brought to the attention of the trial court or of the Supreme Court, was not sufficient. There is no evidence in the record to show that the decision of either of the courts was invoked by plaintiff in error upon a right claimed under the Constitution of the United States.

It is urged that in the writ of error and petition for citation it is stated that certain rights and privileges were claimed under the Constitution of the United States, and that the Supreme Court of the State of Illinois decided against such rights and privileges, and, it is further urged, that the chief justice of the court allowed the writ of error. This is not sufficient. *Marvin* v. *Trout*, 199 U. S. 212, 223.

Nor was a right under the Constitution of the United States necessarily involved in the determination of the cause. And the Supreme Court was justified by its rulings in omitting the consideration of rights under the Constitution of the United States. According to the practice of the court an error not assigned is not open to review. *Berry* v. *City of Chicago,* 192 Illinois, 154, 155. Errors assigned but not noticed or relied on in the brief or argument of counsel will be regarded as waived or abandoned. *Keyes* v. *Kimmel,* 186 Illinois, 109, 114. And such rule of practice will be recognized by this court. *Erie Railroad Co.* v. *Purdy,* 185 U. S. 148, 153. It follows that this court has not jurisdiction of this writ of error. *Oxley Stave Co.* v. *Butler Co.,* 166 U. S. 648; *Capital City Dairy Co.* v. *Ohio,* 183 U. S. 238; *Chapin* v. *Fye,* 179 U. S. 127.

*Writ dismissed.*