## CLEVELAND AND PITTSBURGH RAILROAD COMPANY *v.* CITY OF CLEVELAND, OHIO.

### ERROR TO THE SUPREME COURT OF THE STATE OF OHIO.

No. 95.  Motion to dismiss or affirm submitted October 13, 1914.—Decided November 16, 1914.

In order to bring a case to this court under § 237, Judicial Code, the Federal right must have been set up and adjudicated against the claimant by the judgment of the state court; nor can the contention made and passed upon by the state court be enlarged by assignments of error to bring the case to this court.

An impairment of the obligation of the contract within the meaning

of § 10, of Art. I of the Federal Constitution must be by subsequent legislation and not by mere change in judicial decision.

A certificate of the state court cannot bring an additional Federal question into the record, if the record does not otherwise show it to exist. *Marvin* v. *Trout*, 199 U. S. 212.

THE facts, which involve the jurisdiction of this court under § 237, Judicial Code, to review the judgment of a state court, are stated in the opinion.

*Mr. Newton D. Baker* and *Mr. John N. Stockwell* for defendant in error in support of the motion:

No Federal question is presented by the assignment of errors, nor was any Federal question specifically set up in the Supreme Court of Ohio.

No change in decision has in fact taken place.

No Federal question was decided in the Supreme Court of Ohio, and the judgment rests upon independent grounds of purely state law sufficient to support it.

*Mr. William B. Sanders* and *Mr. Harold T. Clark* for plaintiffs in error in opposition to the motion:

The record clearly shows that the Supreme Court of Ohio did consider whether or not the effect of its decision would be to impair the obligation of the contract involved.

It was the contention of the railroads that under the contract of September 13, 1849, the city of Cleveland parted with its title to what was formerly known as Bath Street. In reliance upon the validity of this contract the railroad companies expended upwards of $1,000,000 in permanent improvements and betterments upon the property covered by the contract. It was the contention of the city that under the construction placed by the Supreme Court of Ohio in the cases mentioned upon the statutes of Ohio governing the making of contracts between municipalities and railroad companies as to the

occupancy of streets and public grounds—the act of 1852 being the act before the court in those cases—the railroads acquired under the contract of September 13, 1849, only the right to the use and occupancy of Bath Street in so far as it did not disturb the public use. The Ohio courts approved the position taken by the city, and, although recognizing the existence of the contract of September 13, 1849, sought so to limit it in its operation as to seriously impair its value.

In order that a contract may be impaired, it is not necessary that it should be wholly done away with.

Where it is claimed that a State by its subsequent legislative act as construed by the state courts has impaired the obligation of a prior contract, the Supreme Court of the United States has the right, even in a case which comes to it upon a writ of error to a state court, to construe the contract and to determine whether its obligation has been impaired.

In support of these contentions, see *Amory* v. *Amory*, 91 U. S. 356; *Bacon* v. *Texas*, 163 U. S. 207, 219; *Bryan* v. *Board of Education*, 151 U. S. 639, 650; *Davies* v. *Corbin*, 113 U. S. 687; *Douglas* v. *Kentucky*, 168 U. S. 488, 502; *Farrington* v. *Tennessee*, 95 U. S. 679, 683; 3 Foster's Fed. Prac., p. 2115; *Hecker* v. *Fowler*, 4 Miller, 381; *Houston & Tex. Cent. R. R. Co.* v. *Texas*, 177 U. S. 66, 77; *Louis. & Nash. R. R.* v. *Melton*, 218 U. S. 36, 49; *Louisville Gas Co.* v. *Citizens' Gas Co.*, 115 U. S. 683, 696; *Minor* v. *Tillotson*, 1 How. 288; *Murdock* v. *Memphis*, 20 Wall. 590; *New Orleans* v. *Construction Co.*, 129 U. S. 45; *Ohio Life Ins. Co.* v. *Debolt*, 16 How. 416, 431; *Planters' Bank* v. *Sharp*, 6 How. 301; *Railroad Co.* v. *Maryland*, 20 Wall. 643; 2 Rose's Code Fed. Proc., §§ 2061b, 2062; *School District* v. *Hall*, 106 U. S. 429; *Sparrow* v. *Strong*, 3 Wall. 97, 105; *Von Hoffman* v. *Quincy*, 4 Wall. 535, 552; *Walker* v. *Whitehead*, 16 Wall. 314, 318; *Whitney* v. *Cook*, 99 U. S. 607.

Memorandum opinion by MR. JUSTICE DAY, by direction of the court.

The original action was brought by the city of Cleveland, Ohio, to oust the railroad companies, now plaintiffs in error, from the exclusive possession of Bath Street, in that city. A number of defenses were set up by the railroad companies, but we are concerned only with the alleged deprivation of Federal right, resulting from the decision of the state court. In the court of original jurisdiction, the Common Pleas, judgment was rendered in favor of the city. Upon proceedings in error, that judgment was affirmed by the state Circuit Court, and in the Supreme Court of the State of Ohio the judgment of the Circuit Court was affirmed without opinion.

It is now undertaken to bring the case here, because of alleged violation of rights under the Federal Constitution arising by virtue of § 10 of Article I of that instrument, preventing the impairment of contract rights by subsequent legislation.

In order to bring a case here under § 237 of the Judicial Code (formerly § 709 of the Revised Statutes of the United States), it is well settled that the Federal right must have been set up and adjudicated against the claimant by the judgment of the state court. It is equally well settled that the contention made and passed upon in the state court cannot be enlarged by assignments of error made to bring the case to this court. This proposition is too well settled to need discussion. *National Bank* v. *Kentucky*, 9 Wall. 353; *Re Spies*, 123 U. S. 131; *Zadig* v. *Baldwin*, 166 U. S. 485; *Oxley Stave Company* v. *Butler County*, 166 U. S. 648; *Waters-Pierce Oil Company* v. *Texas*, 212 U. S. 112; *Mallers* v. *Commercial Loan & Trust Company*, 216 U. S. 613; *Appleby* v. *Buffalo*, 221 U. S. 524.

It is equally well settled that an impairment of the obligation of the contract, within the meaning of the

Federal Constitution, must be by subsequent legislation, and no mere change in judicial decision will amount to such deprivation. *Ross* v. *Oregon*, 227 U. S. 150, 161; *Moore-Mansfield Construction Company* v. *Electrical Installation Company*, 234 U. S. 619, 624; and cases cited on p. 625. An examination of the record shows that the Federal right set up in the Court of Common Pleas, and considered in the Circuit Court, the latter judgment being affirmed by the Supreme Court without opinion, concerned an alleged change of decision in the Supreme Court of Ohio, construing a statute concerning the contract upon which the railroad companies relied, the effect of which, it was alleged, would be to do violence to the contract clause of the Federal Constitution. It was not set up that subsequent legislation had impaired the obligation of the contract of the railroad companies. Therefore, in the light of the decisions of this court above quoted, no Federal right was alleged to be impaired within the meaning of the Constitution of the United States, and no such right was passed upon in the decisions of the courts.

The contention is made that the presence of the Federal right set up and denied as violative of this clause of the Constitution is shown by the certificate of the Supreme Court, contained in its journal entry affirming the judgment of the Circuit Court. An examination of the certificate, however, does not show that any contention that contract rights were impaired by subsequent state legislation, was passed upon adversely to the railroad companies, but shows only that the contention was that the claim of the city, in respect to the contract of September 13, 1849, sustained by the judgment of the Circuit Court, and affirmed by the Supreme Court, was in contravention of the defendants' rights under said contract, and impaired their rights under said contract, in violation of the Constitution of the United States, particularly the

tenth section of Article I thereof; "which said claims fully appear in the pleadings and record herein, and that such claims were considered by the court and decided adversely to said plaintiffs in error." The character of the claims thus made we have already described. Moreover, a mere certificate of this character cannot bring an additional question into the record, where the record does not otherwise show it to exist. *Marvin* v. *Trout,* 199 U. S. 212.

It follows that the writ of error must be dismissed.

MR. JUSTICE HOLMES took no part in the consideration and decision of this case.