## Commonwealth *v.* Shepherd, Appellant.

*Criminal law—Larceny as bailee—Common carrier—Lien for charges.*

Where a person conducts a business of moving and storing household furniture and other articles for hire, and holds himself out as being willing for hire to carry the goods of all persons indifferently, he is a common carrier, and has a lien on goods in his possession for his charges. He therefore cannot be convicted of larceny as bailee for refusing to deliver goods until his charges are paid.

Argued Oct. 18, 1915. Appeal, No. 308, Oct. T., 1914, by defendant, from judgment of Municipal Court, Philadelphia Co., May Sessions, 1914, No. 240, on verdict of guilty in case of Commonwealth v. Harry Shepherd. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Indictment for larceny as bailee. Before BONNIWELL, J.

At the trial the defendant claimed that he was a common carrier of goods for hire and that he retained the goods in question to enforce his lien for charges.

Verdict of guilty upon which judgment of sentence was passed.

*Error assigned* was in refusing binding instruction for defendant.

*John C. Bell*, with him *John F. Powell*, for appellant. —Defendant was a common carrier: Fuller v. Bradley,

25 Pa. 120; Gordon v. Hutchinson, 1 W. & S. 285; Lloyd v. Haugh, 223 Pa. 148.

He had a right to enforce the lien: Labar v. Benedetto, 20 D. R. 799; Freeman v. Wilkes-Barre, Etc., Traction Co., 36 Pa. Superior Ct. 166; Brown v. Sunbury, Etc., Ry. Co., 43 Pa. Superior Ct. 61; Monier v. Philadelphia Rapid Transit Co., 227 Pa. 273.

*George A. Welsh,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee.— A common carrier has not the right to hold goods of a shipper in full payment for freight until he has delivered or tendered all the goods contracted to be delivered. Nor has he any right to retain such goods until certain accumulated charges demanded by him are paid: Nicolette Lumber Co. v. People's Coal Co., 213 Pa. 379; Wallace v. B. & O. R. R. Co., 216 Pa. 311.

OPINION BY ORLADY, J., March 1, 1916:

The material facts in this case are not controverted.

The defendant conducts a business of moving and storing household furniture and other articles for hire. He made a contract with William M. Wossoff to haul an auto-van of household goods from Germantown to Haddonfield, New Jersey, for a fixed price. Wossoff was not at the designated place for delivery when the van arrived, about three o'clock in the afternoon, and after waiting for nearly four hours, the drivers gained access to the house and delivered a part of the furniture, retaining the balance until payment was made of the carriage price and some additional charges incident to the transfer.

The defendant was indicted under Section 108, of the Act of March 31, 1860, P. L. 408, for larceny as bailee of the property he held in lien for his claim. At the conclusion of the trial, the defendant requested the court to charge the jury that—if the defendant held himself out for hire to carry the goods of all persons indiffer-

ently, he became a common carrier, and as such, was entitled to a lien upon the goods claimed in this case to be the subject of larceny, and—if he retained the goods of the prosecutor, asserting a right of lien upon them, and acted in good faith, intending to return the goods upon being paid the amount contracted for, there is not the element of intention to deprive the prosecutor permanently of his goods, and he should be acquitted. These requests were declined, the court saying, "The prosecutor avers that this defendant took his goods under a contract to deliver them at Haddonfield, and that he did not deliver all of them. Under these circumstances, he had no right to retain them, and as a matter of law, I say to you, he would be guilty of larceny by bailee."

In Lloyd v. Haugh, 223 Pa. 148, the Supreme Court says: "We express a doctrine universally sanctioned, when we say that any one who holds himself out to the public as ready to undertake for hire or reward the transportation of goods from place to place, and so invites custom of the public, is in the estimation of the law, a common carrier."

The business character of the defendant being thus clearly established, the only other question is as to his right of lien on the goods detained by him, and this is clearly answered by many authorities: "As security for his compensation for the carriage of the goods, and for the advances which he has been required to make for the owner in order to further their transportation, the carrier has what is called a lien upon them, which is nothing more than a right to retain possession of them until such charges have been paid or tendered, and differs in no important respect from the right which the law gives to other bailees of chattels who have performed labor or expended their means upon them at the request of the owner. The owner has no right to demand their possession until he has paid or tendered payment for the service and advances;......if a part of them have been delivered, the carrier may retain the balance until his entire freight

has been paid, and the owner cannot insist that the lien shall be apportioned.   Hutchinson on Carriers, Sections 476, 480; 6 Cyc. 501.   In additions to the charges by express or implied contract for transportation, the carrier is entitled to charge for other services incident to the transportation, such as storage, if the consignee is not ready to receive the goods on arrival at destination." Nicolette Lumber Co. v. People's Coal Co., 213 Pa. 379.

There is nothing in this record to suggest that this contract with a common carrier differed from the ones that are daily made by moving housekeepers, or that the claim of the defendant, was for any other, than necessary charges incurred by reason of the prosecutor not being at the place of destination to meet his property.   No payment or tender of payment of any part of the charge was made by the prosecutor.

The points presented by the defendant should have been affirmed.

The judgment is reversed and the defendant is discharged.