## MUTUAL LIFE INS. CO. OF NEW YORK v. O'DONNELL et al.

### No. 20.

District Court, N. D. Illinois, E. D.

Nov. 3, 1939.

F. Gerald O'Hara, of Chicago, Ill., for the O'Donnells.

Cannon & Poage, of Chicago, Ill., for Marion McEvoy and Moses Cockrell.

Insurance company not represented as the fund has been paid into court.

WOODWARD, District Judge.

This is a motion for summary judgment.

On October 10, 1939, the defendants and cross-claimants, Martin J. O'Donnell and Thomas Joseph O'Donnell, filed their motion for a summary judgment upon the pleadings, admissions of record and upon certain depositions. No opposing affidavits have been filed. In support of their motion for summary judgment defendants and cross-claimants filed their brief with my secretary on October 14, 1939, and the attorneys for other defendants and cross-claimants filed their brief with my secretary on October 23, 1939. The matter is submitted for judgment. Therefore, on the pleadings, the admissions of record and the depositions on file.

The Mutual Life Insurance Company of New York, a corporation, as plaintiff, filed its original bill of interpleader stating, among other things, that it received an application for a policy of insurance in the face amount of $5,000 from one Kathleen Cockrell, wherein she requested that her executors, administrators or assigns be named beneficiaries; that on January 28, 1935, plaintiff issued this policy, but it was not accepted or paid for but, on the contrary, the insured requested plaintiff in writing on February 4, 1935, to change the named beneficiaries to "The Reverend Martin J. O'Donnell, Order of Carmelite Fathers Friend;" that plaintiff re-wrote the policy and on February 5, 1935, issued its policy of insurance agreeing to pay Martin J. O'Donnell, if living, the sum of $5,000; if not, the insured's executors, administrators or assigns were to receive this sum.

The insured died on July 24, 1938. However, on July 8, 1938, the beneficiary, Martin J. O'Donnell, assigned all of his right, title and interest in and to the policy to his brother, Thomas Joseph O'Donnell. Proofs of death were furnished by Thomas Joseph O'Donnell, the assignee.

The fund has been brought into court by the insurance company. Thomas Joseph O'Donnell claims the fund as the assignee of Martin J. O'Donnell. The other defendants and cross-claimants, Marion McEvoy and Moses Cockrell, claim the fund as heirs at law of the insured, Kathleen Cockrell.

The cross-claim of Marion McEvoy and Moses Cockrell avers, among other things, the death of the insured; that the insured, during all the years of her life, was a communicant of the Roman Catholic Church; that during the last years of her life the rites of the Roman Catholic faith were regularly administered by the Reverend Martin J. O'Donnell, a priest of the Order of Carmelite Fathers (the beneficiary named in the policy); that between the Reverend Martin J. O'Donnell, as priest, and the insured, as parishioner, there existed a high, confidential and fiduciary relationship of priest and parishioner, in which status Reverend Martin J. O'Donnell was the dominant and the insured was the subservient party; that a policy of insurance was issued to the insured; that thereafter the Reverend Martin J. O'Donnell, by undue dominance and

influence over the mind of the insured and in violation of the fiduciary trust in him by her over long years reposed, prevailed upon the insured to make a gift of the proceeds of the policy and to name him as beneficiary. The material allegations of the cross-complaint of Marion McEvoy and Moses Cockrell are denied by the cross-claimants, Martin J. O'Donnell and Thomas Joseph O'Donnell.

The Reverend Martin J. O'Donnell is the regularly designated beneficiary of the policy issued by the insurance company. This policy contained a reservation to the insured to change the beneficiary at any time without notice. The policy was in effect for approximately three and one-half years before the death of the insured. The evidence is uncontradicted that the Reverend Martin J. O'Donnell was stationed in cities other than Chicago, the residence of the insured, for at least three years prior to the death of the insured and saw her only infrequently.

Moreover, the evidence fails to disclose that the relationship of priest and parishioner existed between the Reverend Martin J. O'Donnell and the insured. During the time in controversy, the insured played the organ at St. Cyril's Church and took part in the services there. She went to the Franciscan Church for confession. The Reverend Martin J. O'Donnell was pastor of a neighboring church, namely, St. Clara's Church. The Reverend Martin J. O'Donnell never administered any of the rites of the church to the insured. The most that can be said from the uncontroverted evidence is that the Reverend Martin J. O'Donnell was a friend of the Cockrell family including the insured, her sister Mrs. McEvoy and her father, Moses Cockrell. The policy as written conformed to the wishes and desires of the insured and there is no competent, relevant or material evidence of any influence, undue or otherwise, exerted over the insured, either at the time the policy was written or at any time between that time and the death of the insured.

The pleadings, admissions and depositions on which this case is submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), 28 U.S.C.A. following section 723c.

The Court, therefore, directs that judgment be entered in favor of defendant and cross-claimant, Thomas Joseph O'Donnell. Counsel for said cross-claimant will tender the proper judgment order.