## GOLDBERGER et al. v. McPEAK et al.

## No. 3744.

District Court, E. D. Pennsylvania.

May 9, 1945.

Eugene H. Feldman, of Philadelphia, Pa., for plaintiff.

Lloyd J. Schumacker, of Souser, Schumacker & Taylor, all of Philadelphia, Pa., for McPeak.

A. J. Goldin and Alma H. Arnold, both of Philadelphia, Pa., for New England Fire Ins. Co.

BARD, District Judge.

These are motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, against two of the defendants, Thomas A. McPeak, individually and trading as McPeak Garment Carriers, and New England Fire Insurance Company.

Plaintiff brought this action against. Thomas A. McPeak (agent) and McPeak Freight Lines, Inc. (principal), interstate common carriers by motor vehicle, for the loss of eight cartons and bags of children's dresses. Defendant carriers admit delivery of the goods to them, but deny that loss occurred through any dereliction of duty on their part, but rather that the loss was caused by theft. Defendants further deny that Thomas A. McPeak is the agent of McPeak Freight Lines, Inc., but is merely a lessee of certain trucks belonging to the corporation. The agency of Thomas A. McPeak is the sole issue of fact raised in the pleadings. However, since neither motion for judgment is directed against the McPeak Freight Lines, Inc., the question of fact raised is not material to these motions.

The liability of a common carrier for the loss of goods entrusted to it is that of an insurer unless the loss was caused by act of God or public enemy, by the inherent nature of the goods, or the fault of the owner. Villari v. Jones, 155 Pa.Super. 155, 38 A.2d 379; National Line S. S. Co. v. Smart, 107 Pa. 492. A common carrier, being in the nature of an insurer, is liable for goods lost or stolen while in its custody even though it is shown that the loss occurred through no fault or negligence of the carrier. Consolidated Cigar Corp. v. Corbin, 285 Pa. 273, 132 A. 364.

The summary judgment is intended to enable the prompt disposition of cases which do not require trial. Where the pleadings and affidavits indicate no genuine issue as to a material fact and where the moving party is entitled to a judgment as a matter of law on the facts as admitted, the

500

motion must be granted. Mutual Life Ins. Co. of New York v. O'Donnell, D.C., 29 F.Supp. 1010. Defendant carrier's answer raises no material question of fact and provides no valid defense to the cause of action.

The motion for summary judgment against Thomas A. McPeak, individually and trading as McPeak Garment Carriers is granted.

The second motion for summary judgment is directed against the New England Fire Insurance Company. Liability is predicated on a motor truck cargo policy No. M. T. 16046 issued by the insurance company to defendant, Thomas A. McPeak. This is a standard motor truck cargo policy covering "dress material (no silks either in part or whole)" including the standard common carrier endorsement, Form UCPC–32, as required by the Public Utility Law of Pennsylvania. Act of May 28, 1937, P.L. 1053, 66 P.S. § 1101 et seq.

■ The insurance company contends that the lost cargo of goods was children's dresses for which there was no coverage in the policy. Contention is made that "dress material" means goods in yardage or in bolts but not such material manufactured into dresses. Such artificial and narrow construction of the words "dress material" is not tenable. The dresses shipped were nothing more than the dress material, for which there was coverage, with addition of applied skilled effort in transforming it into useful articles of clothing. There was no change in the goods, either in chemical composition or in physical nature or properties, which would make the dresses something other than that which the parties intended would be covered by the policy. If the insurer wished to limit the coverage, as it is now claimed, it was incumbent upon it to limit unequivocally the coverage of the policy in express terms.

■ The answer of the insurer denied the material averments of the complaint for lack of actual knowledge of the facts stated and the insurer demanded proof thereof. These averments were admitted, in substance, by defendant carrier. The insurer now contends that its pleadings have raised material issues of fact; that it may require the plaintiff to prove those facts at trial; that plaintiff therefore is not entitled to summary judgment.

The policy contains the standard common carrier endorsement, Form UCPC–32 which reads, in part: " * * * the Company hereby agrees to pay within the limits of liability hereinafter provided, any shipper, or consignee, for all loss of or damage to all property belonging to such shipper or consignee and coming into the possession of the Insured in connection with its transportation service, *for which loss or damage the Insured may be held legally liable * * *.*" (Italics supplied.) The promise to pay the shipper upon proof of insured's legal liability is clear and unequivocal. Plaintiff is entitled to judgment against the insurance company upon proof of the insured's legal liability to plaintiff for a loss within the coverage of the policy. Such liability has already been adjudicated in this opinion. Although that judgment might be attacked on the ground of fraud or collusion, the insurer has not made such contentions in his brief or argument.

Plaintiff's motion for summary judgment against New England Fire Insurance Company is granted.